EDWARD FERA *et al. d.b.a.* SAGE MANUFACTURING COMPANY *vs.* LEO A. SWANN.

MARCH 28, 1952.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

FLYNN, C. J.   This action of trespass on the case for deceit was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiffs in the amount of $1,056.94 and costs.   The case is before this court on the defendant's exception to that decision.

The declaration is in one count and alleges in substance and effect that plaintiffs are engaged in manufacturing tools and dies for jewelry concerns; that on divers dates defendant represented to plaintiffs that he was president of a Rhode Island corporation doing business in the city of Providence under the name of Rhode Island Novelty Corporation; that such representation was false and known by defendant to be false and was made in order to induce plaintiffs to extend credit to the corporation; and that plaintiffs relying thereon extended credit to their subsequent injury and damage as disclosed by an unpaid balance for merchandise delivered to the corporation.   To this declaration defendant filed a plea of the general issue and the case was tried thereon in the superior court.

The evidence for the plaintiffs, who are two brothers, in substance shows among other facts that defendant and his wife owned practically all the stock in the "Rhode Island Novelty Corporation," which was in fact a New York corporation; that on May 23, 1949 defendant, in the presence of a person who was acting as general manager of such

corporation, represented to plaintiffs that he was president of the Rhode Island Novelty Corporation; that such company was a Rhode Island corporation doing business in the city of Providence; and that it was in sound financial condition and could and would pay for all orders it placed with plaintiffs. The plaintiffs' evidence further shows that they believed the truth of these representations and relying thereon extended credit to the Rhode Island Novelty Corporation, 357 Westminster street, Providence, Rhode Island, as the account was carried on their books, and that an unpaid balance of $1,056.94 was due at the time the corporation went into receivership and when the writ in the instant case was issued.

On the other hand defendant denied that he made any representation that he was president of a company which was a Rhode Island corporation. He also denied any connection with or knowledge of "Rhode Island Novelty Co., Inc.," a defunct Rhode Island corporation with which plaintiffs by evidence attempted to connect him. However, he did not deny that when plaintiffs were reluctant to do business with him for reasons pertaining to credit, as they testified, he had represented to them that he was president of the Rhode Island Novelty Corporation and that it was in sound financial condition. He admitted he had told plaintiffs that his corporation was doing business at 357 Westminster street in the city of Providence and he nowhere denied plaintiffs' testimony that he never told them, when they visited his place of business, that such corporation was in fact organized under the laws of the state of New York. He further explained that his use of stationery bearing the name "Rhode Island Novelty Company," which for practical purposes might easily be mistaken for the name of the defunct Rhode Island corporation, was due to an error of the printer and that whenever such letterhead was used it was only for nonbusiness purposes and the proper title of Rhode Island Novelty Corporation always was signed.

The defendant first contends that the trial justice erred in that he rested his decision exclusively upon an alleged representation as to the financial standing of the Rhode Island Novelty Corporation, whereas the declaration was based solely on his alleged misrepresentation as to the identity of the corporation. He next contends that even if the trial justice's decision is found not to be premised solely on said representation as to the corporation's financial standing, the trial justice misconceived the evidence as to the alleged misrepresentation concerning the identity of the corporation. He argues finally that in any event the evidence does not support the conclusion that plaintiffs relied on either of such representations, but actually shows they relied on past business relations and personal observations of defendant's place of business.

In our judgment the declaration is restricted to allegations of defendant's representation that he was president of Rhode Island Novelty Corporation and that it was a Rhode Island corporation. It is not broad enough to include a further representation concerning the corporation's sound financial standing. Consequently defendant's first contention is correct if the trial justice based his decision solely on the alleged misrepresentation concerning the corporation's sound financial standing.

The question then is whether the decision is based exclusively on that ground. It is true that the trial justice made no specific finding that defendant had misrepresented that he was president of a Rhode Island corporation. Moreover the decision shows an express finding by the trial justice that defendant's representation of the corporation's solvency and sound financial standing was "the only reason they got any credit in the first instance." In our opinion, however, that ground was not within the allegations of the declaration and to that extent defendant's contention has merit.

But even if the trial justice expressly based his decision

on a ground that was not alleged in the declaration, an independent review of the evidence reasonably supports the conclusion that defendant, in order to obtain credit, had also misrepresented the corporation's identity, which fact is alleged in' the declaration. While it seems to be argued that certain testimony of the defendant denying such a representation was uncontradicted, there appears to us to be a clear conflict on that issue. It is true that defendant, when called by the plaintiffs under the statute as a witness, stated categorically that he did not represent to plaintiffs that he was president of a Rhode Island corporation. But plaintiffs testified that he expressly represented that he was president of a Rhode Island corporation doing business in Providence; that they had believed him; and that relying thereon they had extended credit to his corporation.

Moreover according to their uncontradicted evidence such representation was made by defendant in the presence of the general manager of the corporation. Apparently at the time of trial that person was still working for defendant, who had organized a new corporation in which his wife owned all the stock and which was conducting generally the same business under another name at the address in Providence where the Rhode Island Novelty Corporation had been located before its receivership. It is significant that such general manager was not called by defendant as a witness to corroborate his testimony generally and to refute specifically plaintiffs' statements as to defendant's particular representation of fact concerning the corporation's identity as a Rhode Island corporation.

Furthermore notwithstanding defendant's explanation that the name "Rhode Island Novelty Company" appeared on the stationery of his corporation through an error of the printer, evidence concerning its use by defendant was another circumstance to be considered with all the other facts on the issue of his credibility. Finally, in the absence

of explanation, the very name of defendant's company, Rhode Island Novelty Corporation, and the maintenance of its place of business in Providence under that name, coupled with his failure in the peculiar circumstances to disclose its true identity, are consistent with an intention to mislead the plaintiffs into believing that his company was a Rhode Island corporation as all the facts seemed to suggest. In this respect it is especially significant that although defendant expressly denied the alleged representation, he nevertheless failed to deny plaintiffs' testimony to the effect that at no time when he was seeking credit did he tell plaintiffs that his corporation was organized in the city and state of New York.

, Therefore it appears from the transcript that there is evidence sufficient to support a conclusion that defendant had knowingly withheld material information and had made a false representation of fact concerning the corporation's identity in order to induce plaintiffs to give credit to such corporation and that relying thereon plaintiffs extended credit to it. In our opinion on this record the plaintiffs are entitled to a decision on the ground that is alleged in the declaration.

The defendant finally contends that in any event the evidence does not support a finding that plaintiffs relied on either of the alleged misrepresentations but shows that they extended credit solely because of the established business relations and their personal inspection of the corporation's place of business. In our judgment the evidence on this issue is open to different inferences and, when considered as a whole, we cannot agree that it preponderates in favor of defendant as he contends.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

ON MOTION FOR REARGUMENT.

JUNE 13, 1952.

PER CURIAM. After our decision in the above case the defendant requested and received permission to file a motion for reargument. Pursuant to this permission he has filed such a motion, setting out therein certain reasons on which he bases his contention that justice requires a reargument of the case. Upon careful consideration we find that those reasons present only matters which were considered previously in the preparation of our opinion. They are therefore without merit.

Motion denied.

*Ralph Rotondo, Michael Addeo,* for plaintiffs.
*Ira Marcus,* for defendant.